**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK F. SHEHATA, | No. 10-56799 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-01246-RGK - MLG |
| v. | |
| MATTHEW CATE, Sec'y Dept of Correc.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted December 19, 2011 [**]

Before:      GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Mark F. Shehata, a former California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. §1983 action alleging that prison

officials were deliberately indifferent to his medical needs.  We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Shehata's claims against defendants Nguyen, Green and Conanan because Shehata failed to allege facts suggesting that they knew of and purposefully disregarded an excessive risk to his health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard; mistakes, negligence or malpractice do not rise to an Eighth Amendment violation, nor does a difference of opinion about the preferred course of treatment).

The district court properly dismissed Shehata's claims against defendants Cate, Poulos, Hartley, Farooq and Chapnick because Shehata failed to allege that they were personally involved in any alleged deprivation of his constitutional rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (supervisory official may be liable under § 1983 only if he was personally involved in the constitutional deprivation, or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation").

Shehata's remaining contentions are unpersuasive.

**AFFIRMED.**